IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| THE FIRST NATIONAL BANK OF CENTRAL TEXAS, | § § § | |
| PLAINTIFF, | § § | |
| v. | § § | CIVIL ACTION NO. 5:21-cv-01289 |
| MERIDA NATURAL RESOURCES, LLC, ANA M. CLARKE, AND THOMAS M. CLARKE, | § § § § | |
| DEFENDANTS. | § § § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff The First National Bank of Central Texas ("FNB" or the "Bank") files its Original Complaint complaining of Defendants Merida Natural Resources, LLC, Ana M. Clarke, and Thomas M. Clarke (collectively, the "Defendants") and for cause of action shows the following:

### A.  NATURE OF THE ACTION

1.      This is a suit to enforce the terms of a commercial promissory note and its accompanying guaranty agreements and for reimbursement under a letter of credit presented to FNB for payment.

### B.  PARTIES

2.      FNB is a federally chartered bank with its principal place of business in Waco, McLennan, County, Texas.

3.      Merida Natural Resources, LLC ("Merida") is a limited liability company organized under the laws of the State of Virginia, with its principal place of business in Roanoke, Roanoke County, Virginia. Upon information and belief, AM Clarke is the sole member of Merida. Merida may be served by and through its registered agent,

Corporation Service Company, at 100 Shockoe Slip, 2nd Floor, Richmond, Virginia 23219.

4.      Ana M. Clarke ("AM Clarke") is an individual residing in Buchanan, Virginia and may be served with process at 16620 Lee Highway, Buchanan, Virginia 24066-5395.

5.      Thomas M. Clarke ("TM Clarke") is an individual residing in Buchanan, Virginia and may be served with process at 16620 Lee Highway, Buchanan, Virginia 24066-5395.

## C.  JURISDICTION AND VENUE

6.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of citizenship among the parties since the Bank and Defendants are citizens of different states. The Bank is a citizen of Texas as it is organized under the laws of Texas and has its principal office in Texas. AM Clarke and TM Clarke are individuals domiciled in Virginia and therefore are citizens of Virginia. Merida is a citizen of Virginia because its sole member, AM Clarke, is domiciled in Virginia.

7.      The amount in controversy exceeds $75,000.00 excluding interest and costs.

8.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events and/or omissions giving rise to the Bank's claims arose in the Western District of Texas.  All of the loan documents giving rise to FNB's causes of action were to be performed in this District.

735723.000006  4885-4641-3574.1

## D.  FACTUAL BACKGROUND

9.      On or about February 14, 2018, Merida, by and through its member,  AM Clarke, executed a commercial promissory note in the original principal sum of $2,500,000.00, payable to FNB (as modified, renewed, and extended, referred to herein as the "Note").

10.      The purpose of the Note was for the issuance of a letter of credit payable to Lexon Insurance Company ("Lexon").  In connection with such stated purpose, FNB issued a letter of credit in the amount of $2,500,000 in favor of Lexon as  Beneficiary (the "Letter of Credit").

11.      In connection with the Note, AM Clarke and TM Clarke (collectively the "Guarantors") each in their individual capacity executed a continuing unlimited guaranty agreement (collectively the "Guaranty Agreements") wherein they each guaranteed both payment and performance of the Note.

12.      The Note was a demand Note, payable on FNB's demand, as lender, or at final maturity.

13.      On September 23, 2021, Lexon, as Beneficiary of the Letter of Credit, presented the Letter of Credit to the Bank for payment along with a sight draft payable to Lexon in the amount of $2,500,000. On October 4, 2021, FNB funded the Note and made payment to Lexon in the amount requested according to the specific terms of the Letter of Credit.  All documents required for payment were conforming on their face and presentation was made before the expiration date of the Letter of Credit and in accordance with all other requirements of the Letter of Credit and of the standard practice of financial institutions. In addition, all conditions precedent to reimbursement have been performed or have occurred.

14.     After making payment in accordance with the Note and the Letter of Credit, the Bank became entitled to immediate reimbursement of the $2,500,000 payment made under the Letter of Credit (the "Draft Payment"). See Section 5.108(i)(1) of the Texas Business and Commerce Code.

15.     On October 13, 2021, FNB, by and through its counsel, made demand on the Defendants for the Draft Payment due under the Note and Guaranty Agreements, but the Defendants have failed and refused to repay the Draft Payment.

16.     Pursuant to the terms of the Note and the Guaranty Agreements, and pursuant to Section 5.111(e) of the Texas Business and Commerce Code, FNB is entitled to reasonable attorneys' fees and costs incurred in collection of these amounts.

17.     After application of all lawful payments, offsets, and credits, there remains due and owing on the Note, the principal amount of $2,500,000, accrued unpaid interest, attorneys' fees, and other costs and expenses as allowed under the Note, Guaranty Agreements and applicable law.

## E. CAUSES OF ACTION

### Count I.  Suit to enforce the Note

18.     In order to recover on the Note, FNB must establish that:  (1) there is a Note; (2) it is the owner or holder of the Note; (3) the Note was executed by Defendant Merida; and (4) the amount of the Note remains unpaid.

19.     As reflected above, Defendant Merida entered into the Note and the Bank is the holder and owner of the Note.

20.     Despite demand by FNB, Defendant Merida has refused to pay the outstanding amounts due and owing under the Note, $2,500,000 plus fees and costs.

## Count II.  Suit on Breach of the Guaranty Agreements

21.     To recover on a breach of a guaranty agreement, FNB must prove: (1) the existence and ownership of the Guaranty Agreements; (2) the terms of the underlying contract; (3) the occurrence of the conditions upon which liability is based; and (4) the failure or refusal to perform the promise by the Guarantors.

22.     As reflected above, FNB is the owner and holder of the Guaranty Agreements.

23.     The Guarantors unconditionally agreed to pay any amounts that became due and owing on the Note pursuant to the Guaranty Agreements.

24.     Merida has refused to pay the Bank the amounts owed under the Note.

25.     The Guarantors have refused to pay FNB the amounts owed by Merida under the Note.

## Count III.  Suit for Reimbursement of the Draft Payment

26.     To establish a claim for reimbursement of the Draft Payment under the Letter of Credit, FNB must show: (1) the existence and terms of the reimbursement agreement; (2) that the issuer issued a letter of credit in compliance with the application and reimbursement agreement; (3) that the issuer, acting in good faith and within the prescribed time limits, properly honored a presentation under the letter of credit; (4) that the issuer notified the applicant of the payment and demanded reimbursement; (5) that the applicant failed or refused to make reimbursement as required by the agreement; and (6) that the plaintiff was damaged by the defendant's breach.

27.     As shown above, the stated purpose of the Note was for the issuance of the Letter of Credit to Lexon.  FNB issued the Letter of Credit, based on Merida's promise to repay such amount on demand.

28.    On September 23, 2021, Lexon, as Beneficiary of the Letter of Credit, presented the Letter of Credit to FNB for payment along with a sight draft payable to Lexon in the amount of $2,500,000, and the Bank in good faith funded the Note and made payment to Lexon in the amount requested according to the specific terms of the Letter of Credit.  All documents required for payment were conforming on their face and presentation was made before the expiration date of the letter of credit and in accordance with all other requirements of the letter of credit and of the standard practice of financial institutions. In addition, all conditions precedent to reimbursement have been performed or have occurred.

29.    On October 13, 2021, FNB notified Merida of the Draft Payment and made demand for reimbursement.  Merida failed to repay the Draft Payment.  FNB was damaged by such breach as to the amount of the Draft Payment, plus all accrued unpaid interest, and attorneys' fees, expenses and other charges.

## F.  RELIEF REQUESTED

WHEREFORE, The First National Bank of Central Texas requests judgment from and against Defendants Merida Natural Resources, LLC, Ana M. Clarke, and Thomas M. Clarke, jointly and severally, for:

1.    the balance due and owing under the Note and the Guaranty Agreements in the amount of $2,500,000, plus accrued unpaid interest and other expenses and charges;

2.    costs and attorneys' fees incurred herein and any appeals therefrom;

3.    costs of court;

4.    post-judgment interest on the foregoing sums at the highest lawful rate; and

5.    such further relief to which The First National Bank of Central Texas is entitled.

735723.000006  4885-4641-3574.1

SIGNED on the 29th day of December, 2021.

Respectfully submitted,

Dykema Gossett PLLC
112 East Pecan Street, Suite 1800
San Antonio, Texas 78205
(210) 554-5500 (Telephone)
(210) 226-8395 (Facsimile)


By:   _/s/ Diann M. Bartek_
        Diann M. Bartek
        Attorney-in-Charge
        State Bar No. 01838700

ATTORNEYS FOR PLAINTIFF,
THE FIRST NATIONAL BANK OF
CENTRAL TEXAS

7

735723.000006  4885-4641-3574.1